UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00078-MOC

| | |
|---|---|
| JAVOTA JETER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) and the government's Answer (#3).

Earlier, the court conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255, and found: (1) the petition had been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C. § 2255; (2) that petitioner provided indicia that the petition was filed within one year of the conviction becoming final, § 2255(f)(1); and (3) petitioner asserted a colorable claim for relief cognizable under § 2255(a). Specifically, the court determined the following Sixth Amendment claims were raised:

(1) Whether petitioner received ineffective assistance of counsel by counsel failing to file a timely Notice of Appeal

(2) Whether petitioner received ineffective assistance of counsel during the plea negotiation and/or plea entry process.

The respondent timely answered and conceded that the petition raises an inference that petitioner asked his counsel to file an appeal on his behalf and that counsel did not do so. In the

-1-

motion, petitioner states that "he did requests [sic] his attorney to file an appeal" but that "based on the attorney advise [sic] he was deprived the opportunity to presents [sic] these claims on direct appeal." (#1, p. 2).

In United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007), the Court of Appeals for the Fourth Circuit held that where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel regardless of the merits of the appeal. See also United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel's performance would be ineffective under such circumstances even when the proposed appellate claim involves a matter which is covered by a waiver provision in the plea agreement. Poindexter, 492 F.3d at 273. Even if trial counsel were to aver otherwise, petitioner would still be entitled to the benefit of the doubt. Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970) ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive[.]").

**ORDER**

**IT IS, THEREFORE, ORDERED** that

1. petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **GRANTED** on petitioner's contention that counsel was ineffective by failing to perfect an appeal when requested to do so, and the remainder of the contentions found in the petition are **DENIED** without prejudice;

2. an Amended Judgment shall be entered by the court forthwith, enabling petitioner to file a timely notice of appeal therefrom; and

3. the Clerk of Court is instructed to prepare and submit to chambers the Amended Judgment and, as it was earlier determined that petitioner was indigent, cause to be appointed new counsel to assist petitioner in filing a timely notice of appeal.

This civil action is terminated.

Signed: May 6, 2015

Max O. Cogburn Jr.
United States District Judge