UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00281-MOC

| | | |
|---|---|---|
| **JAVOTA JETER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | MEMORANDUM OF DECISION |
| | ) | AND ORDER OF DISMISSAL |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (#1) and respondent's Motion to Dismiss (#3). After the government filed its Motion to Dismiss, the Court afforded petitioner an opportunity to respond (Order (#5)) and petitioner filed a Response (#4).

In the criminal action, after the Court accepted his plea and a presentence report was filed, this Court sentenced petitioner to 41 months in prison for the felon-in-possession offense and to a consecutive term of 84 months in prison for the § 924(c) firearm offense. In this action, petitioner seeks relief from his 125-month sentence under 28 U.S.C. § 2255, *claiming* that his sentence was improperly enhanced based upon a residual clause that was invalidated by the Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558. The Court has made the holding in Johnson retroactive on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016); see also Beckles v. United States, No. 15-8544 (U.S. March 6, 2017).

Close review of the Petition and the underlying Judgment reveals that petitioner's claims fail because his sentence was not enhanced based on an unconstitutionally vague residual clause. Assuming that <u>Johnson</u> applies to the "crime of violence" definition applicable to Sentencing Guidelines § 2K2.1(a)(4), petitioner's base offense level of 20 was calculated using *two* different guidelines, only one of which depended upon his prior conviction of a crime of violence. The probation officer relied on § 2K2.1(a)(4) and petitioner's prior conviction of a crime of violence, but the probation officer also relied on § 2K2.1(c), which required the probation officer to apply a cross-reference to the robbery guideline, § 2B3.1. Section 2B3.1 independently provides for a base offense level of 20 and because that provision does not contain a residual clause even arguably invalidated, <u>Johnson</u> does not apply. Finally, petitioner's claim is procedurally defaulted and he has not shown cause or prejudice to excuse that procedural default.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion to Dismiss (#3) is **GRANTED** and petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence (#1) is **DISMISSED**.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>,

529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 28, 2017

Max O. Cogburn Jr.
United States District Judge